UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

THONG SOK SOVAN,

                Plaintiff,

v.

NANCY A. BERRYHILL, Acting Commissioner of Social Security,

                Defendant.

CASE NO. C17-5238-MAT

ORDER RE: SOCIAL SECURITY DISABILITY APPEAL

Plaintiff Thong Sok Sovan proceeds through counsel in her appeal of a final decision of the Commissioner of the Social Security Administration (Commissioner). The Commissioner denied plaintiff's application for Disability Insurance Benefits (DIB) after a hearing before an Administrative Law Judge (ALJ). Having considered the ALJ's decision, the administrative record (AR), and all memoranda of record, this matter is REMANDED for further proceedings.

## **FACTS AND PROCEDURAL HISTORY**

Plaintiff was born on XXXX, 1966.[1] She obtained her GED and previously worked as a

---

[1] Plaintiff's date of birth is redacted back to the year in accordance with Federal Rule of Civil Procedure 5.2(a) and the General Order of the Court regarding Public Access to Electronic Case Files.

ORDER
PAGE - 1

nurse's aide and gambling dealer. (AR 39, 57.)

Plaintiff filed a DIB application in March 2014, alleging disability beginning June 30, 2012. (AR 153-56.) Her application was denied at the initial level and on reconsideration.

On September 25, 2015, ALJ Marilyn S. Mauer held a hearing, taking testimony from plaintiff and a vocational expert (VE). (AR 35-65.) On December 21, 2015, the ALJ issued a decision finding plaintiff not disabled. (AR 11-30.)

Plaintiff timely appealed. The Appeals Council denied plaintiff's request for review on February 3, 2017 (AR 1-5), making the ALJ's decision the final decision of the Commissioner. Plaintiff appealed this final decision of the Commissioner to this Court.

## **JURISDICTION**

The Court has jurisdiction to review the ALJ's decision pursuant to 42 U.S.C. § 405(g).

## **DISCUSSION**

The Commissioner follows a five-step sequential evaluation process for determining whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520, 416.920 (2000). At step one, it must be determined whether the claimant is gainfully employed. The ALJ noted plaintiff had been working fifteen hours a week at an adult care facility from April 2015 forward, but concluded she had not engaged in substantial gainful activity since the alleged onset date. At step two, it must be determined whether a claimant suffers from a severe impairment. The ALJ found severe plaintiff's chronic pain syndrome status post right shoulder SLAP repair and acromioplasty, symptomatic right sternoclavicular instability, mild osteoarthritis of the right acromioclavicular joint, headaches, and major depressive disorder, single episode. Step three asks whether a claimant's impairments meet or equal a listed impairment. The ALJ found plaintiff's impairments did not meet or equal the criteria of a listed impairment.

If a claimant's impairments do not meet or equal a listing, the Commissioner must assess residual functional capacity (RFC) and determine at step four whether the claimant has demonstrated an inability to perform past relevant work. The ALJ found plaintiff able to perform less than the full range of light work, with the following limitations: with the unassisted left arm and with both arms together, lift twenty pounds occasionally and ten pounds frequently; with the unassisted right arm, lift ten pounds occasionally and less than ten pounds frequently; sit, stand, and walk at least six hours in an eight-hour workday for a combined total eight hours; occasionally reach overhead with right arm; frequently handle, finger, and feel with dominant right hand; no limitations in use of left hand; never perform forceful pushing or pulling with right arm; never climb ladders, ropes, or scaffolds and never crawl; frequently balance, stoop, crouch, and kneel; can perform jobs that allow her to avoid concentrated exposure to vibration and hazards; and limited to understanding, remembering, and carrying out simple tasks. With that assessment, the ALJ found plaintiff unable to perform her past relevant work.

If a claimant demonstrates an inability to perform past relevant work, or has no past relevant work, the burden shifts to the Commissioner to demonstrate at step five that the claimant retains the capacity to make an adjustment to work that exists in significant levels in the national economy. With the assistance of the VE, the ALJ found plaintiff capable of performing other jobs, such as work as an office helper, mail clerk, cashier II, counter clerk, and call-out operator.

This Court's review of the ALJ's decision is limited to whether the decision is in accordance with the law and the findings supported by substantial evidence in the record as a whole. *See Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993). *Accord Marsh v. Colvin*, 792 F.3d 1170, 1172 (9th Cir. 2015) ("We will set aside a denial of benefits only if the denial is unsupported by substantial evidence in the administrative record or is based on legal error.") Substantial

evidence means more than a scintilla, but less than a preponderance; it means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). If there is more than one rational interpretation, one of which supports the ALJ's decision, the Court must uphold that decision. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

Plaintiff argues the ALJ erred in weighing medical source opinions and in assessing her testimony. She requests remand for further administrative proceedings. The Commissioner argues any error is harmless, that the ALJ's decision has the support of substantial evidence, and that the decision should be affirmed.

## Medical Opinions

As plaintiff observes, the ALJ gave great weight to the opinions of non-examining physician Dr. Olegario Ignacio, examining physicians Drs. Scott Smith and David Rutberg, and treating orthopedist Dr. Peter Kinahan. Dr. Ignacio opined, in relevant part, that plaintiff could occasionally lift twenty pounds and frequently lift ten pounds and was limited to occasional overhead reaching on the right. (AR 86-87.) Drs. Smith and Rutberg opined plaintiff could lift ten pounds occasionally with her right upper extremity, seldom reach above the shoulder on the right, could not lift overhead, and could not lift more than ten-to-fifteen pounds. (AR 653.) Dr. Kinahan concurred with the independent medical examinations (IMEs) of Drs. Smith and Rutberg and recommended plaintiff be seen by a vocational consultant for consideration of a light job within the capacity of her right shoulder: "specifically, the right shoulder lifting should not be more than 10 pounds, reaching no more than occasional and working above shoulder on the right, no more than seldom." (AR 616.)

As described above, the ALJ found plaintiff capable of lifting twenty pounds occasionally

ORDER
PAGE - 4

and ten pounds frequently with the unassisted left arm and both arms together, ten pounds occasionally and less than ten pounds frequently with the unassisted right arm, and able to occasionally reach overhead with her right arm. (AR 16.) Plaintiff avers error in the ALJ's failure to reconcile the differences between the above-described medical opinions in regard to her ability to lift, reach overhead, and lift overhead. That is, while purporting to give all of the opinions great weight, the ALJ did not accommodate the opinions of Drs. Smith and Rutberg limiting plaintiff to lifting a maximum of fifteen pounds, seldom reaching overhead on the right, and never lifting overhead, or Dr. Kinahan's concurrence with those opinions. She posits a substantial likelihood that the additional limitations assessed would result in a further reduction in the number of jobs identified at step five, and that the VE's testimony lacks evidentiary value in the failure to consider such limitations. *See Garrison v. Colvin*, 759 F.3d 995, 1011 (9th Cir. 2014) ("'The testimony of a [VE] is valuable only to the extent that it is supported by medical evidence' and has 'no evidentiary value if the assumptions in the hypothetical are not supported by the record.'") (quoting *Magallanes*, 881 F.2d at 756). *Accord Lewis v. Apfel*, 236 F.3d 503, 517-18 (9th Cir. 2001).

The Commissioner does not dispute that the ALJ failed to reconcile conflicts in the medical opinions, and that the ALJ erred in neither rejecting, nor adopting the opinions plaintiff could not lift over fifteen pounds, should seldom reach overhead, and should not lift overhead.[2] *See* SSR 96-8p ("If the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted."). The Commissioner argues any error is harmless

---

[2] Both plaintiff and the Commissioner point to the fact Dr. Kinahan concurred with the IMEs of Drs. Smith and Rutberg. It should be noted the RFC is consistent with Dr. Kinahan's separate assessment of a limitation to lifting ten pounds on the right, and that Dr. Kinahan did not opine as to a lifting limitation using both arms together. (AR 16, 616.) However, there appear to be conflicts between the RFC limitation to occasional reaching overhead with the right arm and Dr. Kinahan's opinion plaintiff could only seldom work above the shoulder, and between Dr. Kinahan's limitation to occasional reaching on the right and the absence of any general, non-overhead reaching limitation in the RFC. (*Id.*)

ORDER
PAGE - 5

1  in that it is "'inconsequential to the ultimate non-disability determination.'" *Molina v. Astrue*, 674

2  F.3d 1104, 1115 (9th Cir. 2012) (quoted and cited sources omitted). The court looks to "the record

3  as a whole to determine whether the error alters the outcome of the case." *Id.*

The Commissioner first states Dr. Ignacio's opinion provided substantial evidence in support of the lifting and reaching limitations in the RFC. The Commissioner, however, makes this statement without providing any accompanying argument or citation to supportive case law. Nor does it appear from a review of the ALJ's decision that this contention has merit. The ALJ afforded the same amount of weight to the opinions of Drs. Ignacio, Smith, Rutberg, and Kinahan and, in each instance, found plaintiff more limited than assessed. (AR 23-24 (finding plaintiff's postural activities limited beyond that described by Dr. Ignacio; stating, in relation to Drs. Smith, Rutberg, and Kinahan, that the "record demonstrates ongoing right arm chronic pain and SC joint indicating" plaintiff is further limited as described in the RFC and that the "longitudinal treatment record shows ongoing difficulties that limit her further" than those physicians opined).) While apparent in relation to Dr. Ignacio, it is not clear how the RFC is more restrictive than the limitations assessed by the other physicians, at least to the extent related to plaintiff's ability to lift, reach, and work above shoulder level.

The Commissioner next points to the ALJ's step five finding as rendering the error harmless. She notes plaintiff discussed, in her opening brief, only one of the five jobs identified by the VE. (*See* Dkt. 11 at 4-5.) The Commissioner argues that, in ignoring the other four jobs, plaintiff failed to carry her burden of demonstrating the error resulted in harm. However, the four light work jobs by definition present a conflict with the insufficiently addressed medical opinion evidence given the twenty pound lifting requirement. *See* 20 C.F.R. § 404.1567(b) ("Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects

weighing up to 10 pounds.")[3]

The Commissioner further argues there is no conflict between the opinions of Drs. Smith, Rutberg, and Kinahan and the requirements of the call-out operator job identified at step five. The sedentary occupation of call-out operator does not involve lifting more than ten pounds at a time and requires only occasional reaching, with no indication in the Dictionary of Occupational Titles (DOT) description indicating the need for more than seldom overhead reaching or any overhead lifting. *See* DOT 237.367-014 ("Compiles credit information, such as status of credit accounts, personal references, and bank accounts to fulfill subscribers' requests, using telephone. Copies information onto form to update information for credit record on file, or for computer input. Telephones subscriber to relay requested information or submits data obtained for typewritten report to subscriber.")

Plaintiff responds that, even assuming consistency between the unaddressed limitations and the call-out operator job, there remains a question as to whether there were a significant number of such jobs to support the step five finding. She notes the VE's testimony of 10,000 call-out operator jobs nationally, without any indication of the number of those jobs regionally. (AR 60.) Plaintiff asserts 500 to 600 jobs within a region is the lowest number found significant. *See Evans v. Colvin*, No. 14-56480, 2017 U.S. App. LEXIS 457 at *1-2 (9th Cir. Jan. 10, 2017) ("The ALJ's determination that 600 regional jobs constituted a significant number is supported by caselaw within this and other circuits.")

The Ninth Circuit Court of Appeals has "never set out a bright-line rule for what constitutes

---

[3] Three of the light work jobs identified require frequent reaching, but there is no indication of a need to reach overhead or with both hands. *See* Dictionary of Occupational Titles (DOT) 239.567-010 (office helper), 209.687-026 (mail clerk), and 211.462-010 (cashier II). The VE identified another light work job of counter clerk, but provided a DOT number associated with the job of animal shelter clerk. (*See* AR 29, 60.) The counter clerk job is light work requiring occasional reaching, DOT 249.366-010, while the animal shelter clerk job is sedentary and requires frequent reaching, DOT 249.367-010.

ORDER
PAGE - 7

a 'significant number' of jobs." *Beltran v. Astrue*, 676 F.3d 1203, 1206 (2012). It has found "a comparison to other cases . . . instructive." *Id*. The Ninth Circuit has further made clear that "[t]he statute in question indicates that the 'significant number of jobs' can be *either* regional jobs (the region where a claimant resides) *or* in several regions of the country (national jobs)." *Id.* (emphasis in original) (citing 42 U.S.C. § 423(d)(2)(A)). Upon finding "*either* of the two numbers 'significant,'" the Court "must uphold the ALJ's decision." *Id*.

In *Gutierrez v. Comm'r of Soc. Sec.*, 740 F.3d 519, 529 (9th Cir. 2014), the Ninth Circuit concluded that, while presenting a "close call[,]" a finding of 25,000 national jobs constituted a significant number of jobs in several regions of the country. *Cf. Beltran*, 676 F.3d at 1206-07 (1,680 jobs nationally, scattered across several regions, not a significant number). The Ninth Circuit has never found a number closer to the 10,000 jobs at issue in this case to constitute a significant number of jobs nationally. *See Lemauga v. Berryhill*, No. 15-56611, 2017 U.S. App. LEXIS 5735 at *3 (9th Cir. Apr. 3, 2017) ("The government does not argue before us that the 12,600 available dowel inspector jobs in the national economy represent a significant number. We note that this court has never found a similar number to be significant.") (cited cases omitted). Moreover, while district courts have found similar national numbers sufficient, they have done so when considered in conjunction with regional numbers. *Sorey v. Berryhill*, No. 16-507, 2017 U.S. Dist. LEXIS 56335 at *7-8 (C.D. Cal. Apr. 11, 2017) (citing *Aguilar v. Colvin*, No. 15-2081, 2016 U.S. Dist. LEXIS 88998 *9-10 (C.D. Cal. July 8, 2016) (11,850 jobs nationally and 1,080 jobs regionally); *De Rivera v. Colvin*, No. 15-4625, 2016 U.S. Dist. LEXIS 67588 at *9-10 (C.D. Cal. May 23, 2016) (5,000 jobs nationally and 500 jobs regionally); *Evans v. Colvin*, No. 13-1500, 2014 U.S. Dist. LEXIS 107921 at *1-7 (C.D. Cal. Aug. 4, 2014) (6,200 jobs nationally and 600 jobs regionally); *Peck v. Colvin*, No. 12-577, 2013 U.S. Dist. LEXIS 86444 at *15 (C.D. Cal. June

19, 2013) (14,000 jobs nationally and 1,400 jobs regionally); *Hoffman v. Astrue*, No. 09-5252, 2010 U.S. Dist. LEXIS 26207 at *42-44 (W.D. Wash. Feb. 8, 2010) (9,000 jobs nationally and 150 jobs regionally)).[4] *See also Nelson v. Colvin*, No. 12-cv-05540, 2014 U.S. Dist. LEXIS 15037 at *7-10 (W.D. Wash. Jan. 14, 2014) (although only 30 jobs statewide identified, 22,000 jobs nationally was a significant number); *Murphy v. Colvin*, No. C13-0015, 2013 U.S. Dist. LEXIS 136935 at *38-40 (W.D. Wash. Aug. 22, 2013) (finding significant 364 jobs regionally and 17,782 jobs nationally).

Here, with the identification of 10,000 jobs nationally, but no number of those jobs regionally, the Court declines to find the call-out operator job to constitute a significant number of jobs to support the step five finding. *See, e.g., Lemauga*, 2017 U.S. App. LEXIS 5735 at *3. The error in the ALJ's assessment of the medical opinion evidence cannot be deemed harmless and necessitates further administrative proceedings.

<u>Symptom Testimony</u>

Absent evidence of malingering, an ALJ must provide specific, clear, and convincing reasons to reject a claimant's testimony.[5] *Burrell v. Colvin*, 775 F.3d 1133, 1136-37 (9th Cir. 2014) (citing *Molina*, 674 F.3d at 1112). *See also Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007). "General findings are insufficient; rather, the ALJ must identify what testimony is not

---

[4] In *Guitierrez*, 740 F.3d at 529, the Ninth Circuit noted one other circuit had found fewer than 25,000 national jobs to be significant, pointing to the Eighth Circuit decision in *Johnson v. Chater*, 108 F.3d 178, 180 (8th Cir. 1997), involving the identification of 10,000 jobs nationally. The Eighth Circuit case also included the identification of 200 jobs statewide. *See Johnson*, 108 F.3d at 180.

[5] In Social Security Ruling (SSR) 16-3p, the Social Security Administration rescinded SSR 96-7p, eliminated the term "credibility" from its sub-regulatory policy, clarified that "subjective symptom evaluation is not an examination of an individual's character[,]" and indicated it would more "more closely follow [its] regulatory language regarding symptom evaluation." SSR 16-3p. However, this change is effective March 28, 2016 and not applicable to the December 2015 ALJ decision in this case. The Court, moreover, continues to cite to relevant case law utilizing the term credibility.

ORDER
PAGE - 9

credible and what evidence undermines the claimant's complaints." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1996). The ALJ may consider a claimant's "reputation for truthfulness, inconsistencies either in his testimony or between his testimony and his conduct, his daily activities, his work record, and testimony from physicians and third parties concerning the nature, severity, and effect of the symptoms of which he complains." *Light v. Social Sec. Admin.*, 119 F.3d 789, 792 (9th Cir. 1997).

Plaintiff does not demonstrate error in the ALJ's consideration of her symptom testimony. As argued by the Commissioner, the ALJ provided several specific, clear, and convincing reasons to reject plaintiff's testimony as to the degree of her limitations, including: (1) evidence of her failure to take prescription medication despite her testimony the medicine was effective in reducing her pain and involved no side effects (AR 28), *see Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008) (ALJ appropriately considers an unexplained or inadequately explained failure to seek treatment or follow a prescribed course of treatment); (2) inconsistency with the objective medical evidence (AR 17-23), *see Carmickle v. Comm'r of SSA*, 533 F.3d 1155, 1161 (9th Cir. 2008) ("Contradiction with the medical record is a sufficient basis for rejecting the claimant's subjective testimony."), and *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001) ("While subjective pain testimony cannot be rejected on the sole ground that it is not fully corroborated by objective medical evidence, the medical evidence is still a relevant factor in determining the severity of the claimant's pain and its disabling effects."); and (3) inconsistency with plaintiff's activities (AR 28), *see Bray v. Comm'r of SSA*, 554 F.3d 1219 (9th Cir. 2009) (inconsistency between testimony and daily activities properly considered), and *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007) (activities may undermine credibility where they (1) contradict the claimant's testimony or (2) "meet the threshold for transferable work skills[.]").

The ALJ need only reconsider plaintiff's symptom testimony to the extent necessitated by further consideration of the medical opinion evidence. Also, although the Court disagrees with plaintiff's contention that the ALJ's discussion of inconsistency between her testimony and the medical evidence of record was not sufficiently specific, the ALJ should take the opportunity on remand to provide additional detail and/or clarity on this point.

## **CONCLUSION**

For the reasons set forth above, this matter is REMANDED for further administrative proceedings.

DATED this 22nd day of September, 2017.

Mary Alice Theiler
United States Magistrate Judge